UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher C. PRESTON,
Defendant–Appellant.

No. 12–30295.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Nov. 24, 2014.

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Seattle, WA, David R. Jennings, Assistant U.S. Attorney, Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Colin A. Fieman, Assistant Federal Public Defender, Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Christopher C. Preston appeals from the district court's judgment and challenges his guilty-plea conviction for failure to register and update his sex offender registration under the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291. We review Preston's challenge to the district court's denial of his motion to dismiss the indictment de novo, *see United States v. Cabrera–Gutierrez,* 756 F.3d 1125, 1129 (9th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 124, —— L.Ed.2d —— (2014), and we affirm.

Preston first contends that Congress violated the non-delegation doctrine because it allows the Attorney General to legislate SORNA's retroactive application. This contention is foreclosed. *See United States v. Richardson,* 754 F.3d 1143, 1146 (9th Cir.2014) (per curiam) ("SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.").

Preston next contends that Congress lacked the authority under the Commerce Clause to enact SORNA and to compel his registration under the Act. This contention is also foreclosed. *See Cabrera–Gutierrez,* 756 F.3d at 1129–32 (Congress had the power under the Commerce Clause to enact SORNA and its registration requirements).

Lastly, as Preston concedes, the application of SORNA's registration requirements to pre-Act offenders does not violate the Ex Post Facto Clause. *See United States v. Elkins,* 683 F.3d 1039, 1045 (9th Cir. 2012).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.